# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:15CV334 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MEGAN LARAMIE, MATT KAHLER, and DHHS, NFC, | ) | |
| Defendants. | ) | |

Plaintiff Charles Swift ("Plaintiff") filed his Complaint in this matter on September 11, 2015. (Filing No. 1.) Swift has been given leave to proceed in forma pauperis. (Filing No. 5.) Accordingly, the Court now conducts an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that an employee of the Nebraska Family Cooperation [sic] ("NFC"), Defendant Megan Laramie, "kidnapped" his newborn child on September 4, 2014. Swift states that Laramie's actions were "unauthorized." (Filing No. 1 at ECF 1.) Additionally, Plaintiff alleges his attorney, Matt Kahler, conspired with the other defendants to keep the child from him. Plaintiff has sued Megan Laramie, Matt Kahler, the Department of Health and Human Services ("DHHS"), and the NFC. (Filing No. 1 at ECF 1.)

For relief, Plaintiff requests a "declaration that the kidnap was illegal and done "sans due process of any kind," an "injunction enjoining further maintenance of kidnapp [sic]," and $10,000,000.00. (Filing No. 1 at ECF 2.)

The Court notes that Swift previously filed the same claim in this Court on September 10, 2014. (*See Swift v. Laramie*, *et al.*, Case No. 4:14-cv-3185 (D. Neb. May 6, 2015)). The previous case was dismissed without prejudice on May 6, 2015.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff alleges his child was taken by Laramie, without authorization or due process. Although Plaintiff does not allege Laramie or Kahler were working as state actors, he claims all defendants, including the DHHS, conspired to keep the child from him.

"The Due Process Clause provides that no State shall . . . deprive any person of life, liberty, or property, without due process of law. . . . Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405–06 (8th Cir. 2012). "Parents have a recognized liberty interest in the care, custody, and management of their children." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). However, "[t]hat liberty interest is limited by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Id.*

The allegations Plaintiff set forth in his Complaint are entirely conclusory. He alleged no facts to support his claims that any of the named defendants violated his constitutional rights. As such, he has not alleged sufficient facts to state a plausible claim for relief.

In addition, the Court takes judicial notice of the Memorandum and Order dated December 12, 2014, filed in Plaintiff's previous case. (Case No. 4:14-cv-3185, Filing No. 9.) The Court determined in that case that Plaintiff was provided actual notice of a hearing to determine the child's custody, and that Plaintiff's allegations and filings have been the subject of a juvenile court case in the Douglas County Juvenile Court. Here,

3

Plaintiff has given no indication that any challenges he may have to the proceedings cannot receive a full and fair determination in state court.

On the Court's own motion, Plaintiff will be given thirty days in which to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint or failure to sufficiently amend the claims will result in dismissal of this action without prejudice and without further notice. Accordingly,

IT IS ORDERED:

1. Plaintiff will have thirty days to file an amended complaint that states a claim upon which relief can be granted.

2. The clerk of the court is directed to set a pro se case management deadline in this matter: February 16, 2016: check for amended complaint.

DATED this 20th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge